NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IDA OPACITY, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> ARAMARK CORPORATION, LOCAL : <br> 4-69 HOTEL EMPLOYEES & : <br> RESTAURANT EMPLOYEES, : <br> MICHAEL SMEDLEY, GILBERT <br> PALACIOS, JOHN GARBO, JOHN <br> BOARDMAN, SANDRA GRAHAM, <br> JOHN DOES (1 thru 5), and XYZ <br> CORPS. (1 thru 5), <br> <br> Defendants. | **Hon. Dennis M. Cavanaugh** <br> <br> **OPINION** <br> <br> Civil Action No. 05-CV-5328 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon a motion by Local 4-69 Hotel Employees & Restaurant Employees ("Local 4-69"), Gilbert Palacios, John Boardman, and Michael Smedley, to dismiss the Complaint filed by Ida Opacity ("Plaintiff"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This Court also considers Plaintiff's cross-motion to amend her Complaint and remand this action to Superior Court of New Jersey, Bergen County, Law Division. The above named Defendants and Aramark Sports Inc., John Garbo, and Sandra Graham (collectively "Defendants"), have filed opposition to Plaintiff's cross motion. Oral argument was not heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons stated below, Plaintiff's cross-motion to amend her Complaint is **granted**, but her

-1-

motion to remand is **denied**. Local 4-69 and Union Defendants' motion to dismiss **is granted**.

## I. BACKGROUND

Plaintiff works for Aramark Sports Inc. ("Aramark") at Giants Stadium in the Meadowlands and is a union member of Local 4-69. (Plaintiff's Brief in Support of her Motion to Amend and in Opposition to Defendants' Motion to Dismiss ("Pl. Br.") at 2). Throughout the time period at issue, Plaintiff was a member of Local 4-69. (Aramark Defendants' Brief in Opposition to Plaintiff's Motion to Remand ("Def. Aramark's Opp. Br") at 1). Plaintiff began working at Giants Stadium when she was hired by Harry M. Stevens on or about September 26, 1979, as a coat check person and waitress. (Pl. Br. at 3). Harry M. Stevens Inc. was subsequently purchased by Aramark Sports Inc. (Id.)

Plaintiff's employment is governed by the terms of the National Indoor Collective Agreement between Harry M. Stevens, Inc., which is now part Aramark, and the Hotel Employees International Union, AFL-CIO ("National Agreement"), effective December 1, 1997, through November 30, 2000. (Def. Aramark Opp. Br. at 4). Local 4-69 has entered into several Addenda to the National Agreement, which relate to the non-supervisory collective bargaining unit members and apply to Plaintiff. (Id.) Plaintiff states that she submitted letters and complaints to "[D]efendants," which were ignored and resulted in her receiving hostile treatment. (Id. at ¶¶ 23, 25). In her March 7, 2005 letter to Aramark she stated her belief that Aramark's Human Resources Department is not permitted to decide when and where she should work because her seniority entitles her to work all events at both Giants Stadium and Continental Airlines Arena. (Def. Aramark Opp. Br. at 5). After sending these letters and not receiving a response, Plaintiff commenced this action in the Superior Court of New Jersey, Law Division,

Bergen County on September 16, 2005, against all Defendants.

In her Complaint, Plaintiff asserts Defendants violated provisions in these collectively-bargained agreements. (See, Plaintiff's Complaint ("Pl. Compl.")). In Count One of her Complaint, Plaintiff claims "[D]efendant Aramrk failed to adhere to the union contract despite her position as highest seniority member, and her employment of 29 years, [D]efendants had intentionally not called [P]laintiff in to work parties," and that she was "denied gratuities under the [D]efendnat - union contract." (Id. at ¶¶ 16-17). Plaintiff also alleges Defendants denied her access to information regarding her pension and denied wholesome meals in violation of the National Agreement. (Id. at ¶ 18). She states that she worked in the "coat check facility which is dangerous" and was "denied meals at regular hours, was denied healthier meals which had been supplied to other employees." (Id. at ¶ 20). Plaintiff alleges that Defendants' actions violated the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-1 et seq. ("NJLAD"). (Id. at ¶ 26).

In Count Two of her Complaint, Plaintiff alleges Defendants failed to provide her with reasonable accommodations for her disabilities in further violation of the NJLAD. (Id. at ¶¶ 28-29). Plaintiff alleges she disabled because she suffers from an "irregular heartbeat, an anxiety disorder, severe agoraphobia and panic attacks." (Id. at ¶ 19). Plaintiff now wishes to amend her Complaint to remove Count Three.

Defendants removed this action to Federal Court on November 3, 2005, and filed a motion to dismiss. Plaintiff then filed a cross-motion to amend her Complaint and remand this action to the Superior Court of New Jersey, Law Division, Bergen County. This Court now addresses all the motions filed and for the reasons stated below Plaintiff's cross-motion to amend

her Complaint is **granted** but her motion to remand this action is **denied**. The motion to dismiss filed by Local 4-69, Gilbert Palacios, John Boardman, and Michael Smedley is **granted**.

## II. DISCUSSION

### A. Plaintiff's Motion to Amend Her Complaint

Plaintiff wishes to amend her Complaint to remove Count Three and add the following language to Paragraph 20, "Plaintiff was denied uniforms." (See, Plaintiff's Motion to Amend Complaint and Remand to Superior Court). Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Plaintiff has not filed any prior requests to amend her Complaint and none of the Defendants have filed a responsive pleading. Furthermore, Defendants do not oppose Plaintiff's request. Therefore, Plaintiff's motion to amend her Compliant is **granted**. This Court now considers Plaintiff's motion to remand with requested changes made to the Complaint.

### B. Plaintiff's Motion to Remand this Action to State Court

#### 1. The "Well Pleaded Complaint Rule"

In order for a case to be removed from State Court to Federal Court, the Federal Court must have proper jurisdiction over the matter. If diversity does not exist between a plaintiff and all defendants, a defendant may still remove an action to state court if the plaintiff's claim arises under federal law within the meaning of 28 U.S.C. § 1331. La Chemise Lacoste v. Alligator Co., 506 F.2d 339, 343-44 (3d Cir. 1974). Plaintiff argues that by removing Count Three of the

Complaint, federal-question jurisdiction no longer exists and this matter must be remanded to State Court because all of her remaining claims are grounded in New Jersey State law. Defendants argue that federal question jurisdiction still exists regardless of whether Count Three is removed from the Complaint. This Court agrees with Defendants.

Pursuant to the "well pleaded complaint rule," federal jurisdiction only exists when a federal question is presented on the face of a properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386 (1987). One exception to the well pleaded complaint rule occurs when Congress has so completely preempted an area that "any civil complaint raising this select group of claims is necessarily federal in character." Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1986). This exception is known as the complete preemption exception. If there is complete preemption, a district court has removal jurisdiction despite the fact that the well-pleaded complaint rule is not satisfied. Joyce v. RJR Nabisco Holding Corp., 126 F.3d 166, 170 (3d Cir. 1997).

Defendants argue that this exception applies here, because Plaintiff's state law claims are completely preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 141 et seq. ("LMRA"). First, the Court must first address the issue of preemption under § 301 of the LMRA. In Lingle v. Norge Div. Of Magic Chef, Inc., 486 U.S. 399 (1988), the Supreme Court of the United States determined that if the "resolution of a state law claim depend[ed] upon the meaning of a collective-bargaining agreement, the application of state law ... is preempted and federal labor law principles ... must be employed to resolve the dispute." Id. at 405-06 (citing, Teamsters v. Lucas Flour Co., 369 U.S. 95 (1962)). Therefore, if Plaintiff's claims require the

Court to interpret or analyze the collective bargaining agreement ("CBA") that exists between her and Defendants, federal law principles apply and this Court will retain jurisdiction over the matter. However, if this Court need only refer to the CBA and not interpret or analyze it, federal question jurisdiction will no longer exist and the matter will be remanded to State Court.

## 2. Preemption

In the beginning of the Complaint, Plaintiff states, "Plaintiff and all other members of [D]efendant-union who were employed by Aramark Corporation were covered by a collective bargaining agreement that had been negotiated by [D]efendant-union." (Pl.Compl. at ¶ 3). In Count One of the Complaint, Plaintiff alleges that "[D]efendant Aramark failed to adhere to the union contract and despite her position as highest seniority member ... defendants had intentionally not called [P]laintiff in to work parties, either as a waitress or coat check person." (Id. at ¶ 16). In Count One, Plaintiff also accuses Defendants of denying her both "meals at regular hours" and "healthier meals which had been supplied to other employees." (Id. at ¶ 20). Plaintiff then states that Defendants' actions violated the NJLAD. (Id. at ¶ 26).

Although Plaintiff seeks relief under the NJLAD, this Court must interpret various sections of the CBA in order to resolve the majority of Plaintiff's claims in Count One of the Complaint. Plaintiff specifically states in Count One, that Defendant "failed to adhere to the union contract" by ignoring her seniority and the benefits that accompany that status and by failing to provide the appropriate meals. In order to determine whether Defendants did violate the CBA, this Court will have to examine and analyze the provision in the agreement stating that all employment assignments "shall be based on seniority in classification, fitness and ability,"

and determine whether Defendants did violate this provision pursuant to the Court's interpretation. The Court will also have to analyze the agreement to decide whether Plaintiff qualifies as a kitchen, dining room, or bar employee and what qualifies as "pure and wholesome food" under the agreement and whether Defendants violated this provision.

Plaintiff repeatedly alleges Defendant violated the "union contract." This Court must interpret and analyze the CBA in order to determine whether Plaintiff's allegations are true and whether Plaintiff is entitled to relief. If resolving a state law claim hinges upon the meaning of a collective-bargaining agreement, the application of state law is preempted and federal labor law principles must be employed to resolve the dispute. Lingle, 486 U.S. 405-06. Due to the fact that the success of many of Plaintiff's state law claims rely upon this Court's interpretation of the CBA, the LMRA preempts her claims and federal question jurisdiction still exists regardless of whether Count Three of her Complaint is removed. Therefore, Plaintiff's motion to remand is **denied**.

### C. The Union Defendants' Motion to Dismiss

Defendants Local 4-69 Hotel Employees & Restaurant Employees, Michael Smedley, Gilbert Palacios and John Boardman ("Union Defendants") have filed a motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative have requested Plaintiff provide a more definite statement. For the reasons explained below, Defendants' motion is **granted**.

### 1. Standard of Review

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations in the Complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Worth v. Selden, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1988); Robb v. Philadelphia, 733 F.2d 286, 290 (3d Cir. 1984). In evaluating a Rule 12(b)(6) motion to dismiss, a court may consider only the Complaint, exhibits attached to the Complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). A motion to dismiss filed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted does not attack the merits of the case, but merely tests the legal sufficiency of the Complaint. Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). A court may not dismiss the Complaint unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

### 2. Plaintiff's Claims against Union Defendants

In Counts One and Two of the Complaint, Plaintiff is not clear as to which Defendants are responsible for the alleged workplace deprivations she has suffered. In Count Three of the original Complaint, Plaintiff specifically refers to the "defendant-union." (Pl. Compl. at ¶¶ 31-34). Count Three is the only place in her Complaint where Plaintiff specifically mentions the "defendant-union." In her motion to amend the Complaint, Plaintiff requested that Count Three be removed in its entirety. (Plaintiff's Motion to Amend Complaint and Remand to Superior Court at ¶ 12). This Court has granted Plaintiff's motion to amend the Complaint, therefore the

claims in Count Three against the "defendant-union" no longer exist.

Plaintiff does not refer to "defendant-union" in Counts One and Two of the Complaint. Instead, she only generally refers to "Defendants," without making any distinction. As discussed above, Plaintiff accuses Defendants of withholding gratuities, denying her certain employment opportunities, or failing to provide her with a certain quality of food in Counts One and Two of the Complaint. These allegations qualify as acts or omissions exclusively within the employer's domain and cannot be attributed to the Union or its agents. <u>Anjelino v. The New York Times Company</u>, 200 F.3d 73, 95-96 (3d Cir. 2000). Plaintiff may not hold Union Defendants liable for withholding gratuities, denying her certain employment opportunities, or failing to provide her with a certain quality of food. Therefore the remaining claims against Union Defendants in the amended Complaint are dismissed.

### III. <u>CONCLUSION</u>

For the reasons stated, it is the finding of this Court that Plaintiff's cross-motion to amend her Complaint is **granted** and Plaintiff's cross-motion to remand this action to State Court is **denied**. Union Defendants' motion to dismiss is **granted**.

          S/ Dennis M. Cavanaugh
          Dennis M. Cavanaugh, U.S.D.J.

Date:      April 28, 2006
Original:  Clerk's Office
cc:        All Counsel of Record
           The Honorable Mark Falk, U.S.M.J.
           File